# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER NELSON LUTZ,<br><br>  Petitioner,<br><br>v.<br><br>SUPERINTENDENT OF SCI COAL TOWNSHIP,<br><br>  Respondent. | CIVIL ACTION NO. 3:13-CV-01966<br><br>(CONABOY, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

On July 19, 2013, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, together with a memorandum of law in support, both of which were signed and dated by the Petitioner on July 16, 2013. (Doc. 1; Doc. 3). The undersigned United States Magistrate Judge reviewed the petition and supporting memorandum pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and ordered the Petitioner to show cause why his petition should not be summarily dismissed as untimely. (Doc. 13). On October 30, 2013, the Petitioner filed his response to the order to show cause. (Doc. 14).

### I.  BACKGROUND

The Petitioner pleaded guilty and was convicted in the Court of Common Pleas of Lackawanna County for indecent deviate sexual intercourse, and he was subsequently sentenced on March 10, 1995, to serve a term of ten to twenty years in prison. The Petitioner did not appeal this conviction and sentence, nor did he file a PCRA motion within one year of the expiration of direct review.

At the time of his sentencing, the Petitioner was already serving a previously imposed sentence for unrelated convictions. In his petition, the Petitioner claims that his due process rights were violated because the Court of Common Pleas and the Department of Corrections have refused to award him credit toward his March 1995 sentence for time served on those prior convictions. According to correctional records, the Petitioner is entitled to release from prison on March 10, 2015, having served the full twenty-year maximum term imposed by the March 1995 sentence. The Petitioner, however, claims that he is entitled to credit for time served between his arrest on August 24, 1993, and the imposition of the instant sentence on March 10, 1995. If so credited, he would have been entitled to release from prison on August 24, 2013.

## II.  ANALYSIS

The Court does not reach the merits of the Petitioner's claims because the petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). This statute provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**A. CALCULATION OF THE APPLICABLE LIMITATION PERIOD**

Ordinarily, the limitation period for filing a federal habeas corpus petition commences when the petitioner's state conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). But if a petitioner's conviction became final prior to enactment of the AEDPA, the one-year period of limitation instead commences on April 24, 1996, the effective date of the AEDPA. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

In this case, the Petitioner challenges not the original imposition of his sentence, but the subsequent calculation of his sentence by the Department of Corrections, which did not include credit for time served on unrelated convictions prior to March 10, 1995. This raises the possibility that the one-year limitation period runs not from the date on which the petitioner's judgment of conviction became final, but rather from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Pursuant to this provision, "the one-year limitation period of limitation commences … when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it actually was discovered." *Schlueter*, 384 F.3d at 74.

In support of his petition, the Petitioner has submitted as an exhibit a "Sentence Status Change Report," dated January 12, 1996, and issued by the Department of Corrections. (Doc.

3, at 9). This report clearly states that, based on the state trial court's sentencing order of March 10, 1995, the Petitioner's prison sentence had been recomputed by the Department of Corrections, with a maximum date of commitment of March 10, 2015, exactly twenty years from the day from his sentencing. (Doc. 3, at 9). Based on this January 12, 1996, Sentence Status Change Report, a copy of which was subsequently furnished to the Petitioner,[1] it is clear that the material facts underlying the Petitioner's federal habeas claims were known by the Petitioner, or could have discovered through the exercise of due diligence, well before April 24, 1996, the effective date of the AEDPA statute of limitations. *See Schlueter*, 384 F.3d at 74–75.

Thus, pursuant to 28 U.S.C. § 2244(d)(1)(D), and absent any applicable tolling period, the Petitioner had until April 24, 1997, to timely file a federal habeas petition.

B. **STATUTORY TOLLING**

A person in state custody may toll the running of the limitation period during the time in "which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). In this case, however, the petitioner did not file the first of his several PCRA motions until December 16, 2003, more than six years after the limitation period had expired. *See Commonwealth v. Lutz*, Docket No. CP-35-CR-0001301-1993 (C.C.P. Lackawanna County); *see also Lutz v. Varano*, No. 1:09-CV-1510, 2010 WL 1657342, at *1 (M.D. Pa. Mar. 29, 2010).[2] Thus, the limitation period was not tolled, as "a state court

---

[1] The Petitioner does not state the date upon which he received his inmate's copy of the January 12, 1996, Sentence Status Report, but neither does he allege any unreasonable delay in its delivery.

[2] In addition to the petition, a federal habeas court may take judicial notice of state court records, as well as its own records. *Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of

petition ... that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled." *Danner v. Cameron*, ___ F. Supp. 2d ____, 2013 WL 3305522, at *3 (M.D. Pa. July 1, 2013) (brackets in original) (quoting *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)); *see also Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005); *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999).

The Petitioner also argues that the limitation period should be tolled by his filing of a petition for review filed in the Commonwealth Court of Pennsylvania on April 26, 2013, in which he apparently raised the same claims raised in this federal habeas petition. *See Lutz v. Wetzel*, Docket No. 213 MD 2013 (Pa. Commw. Ct.). The Commonwealth Court ultimately dismissed the petition on procedural grounds. *See id.* In any event, this Court has found that the material facts underlying the Petitioner's federal habeas claims were known by the Petitioner, or could have discovered through the exercise of due diligence, prior to April 24, 1996. The one-year federal limitation period is not tolled by a petition filed in state court more than seventeen years later. *See* Danner, 2013 WL 3305522, at *3.

Accordingly, the instant federal habeas petition is time-barred unless there are grounds for equitable tolling of the statute of limitations.

C. **EQUITABLE TOLLING**

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and

---

Common Pleas of Lackawanna County, the Superior Court of Pennsylvania, the Commonwealth Court of Pennsylvania, and the Supreme Court of Pennsylvania.

prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 130 S. Ct. at 2565). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at 418.

Here, the factual predicate of the Petitioner's claims was known to him, or could have been discovered through the exercise of due diligence, for more than seventeen years prior to the filing of this federal habeas petition. He appears to have done nothing to challenge the imposition or execution of his sentence until several years after discovering the alleged error in computation of his sentence. He alleges no extraordinary circumstances that stood in his way and prevented him from timely filing a federal habeas petition.

Accordingly, the Petitioner has failed to demonstrate that he is entitled to any period of equitable tolling.

### III.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition (Doc. 1) be **DISMISSED WITH PREJUDICE** as untimely filed. It is further recommended that the Court decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**Dated: November 22, 2013**                                    *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER NELSON LUTZ,<br><br>        Petitioner,<br><br>v.<br><br>SUPERINTENDENT OF SCI COAL TOWNSHIP,<br><br>        Respondent. | CIVIL ACTION NO. 3:13-CV-01966<br><br>(CONABOY, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 22, 2013**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: November 22, 2013**

                                                    *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **United States Magistrate Judge**