UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LESTER NELSON LUTZ,              :
                                 :
         Petitioner,             :CIVIL ACTION NO. 3:13-CV-1966
                                 :
         v.                      :(JUDGE CONABOY)
                                 :(Magistrate Judge Mehalchick)
SUPERINTENDENT OF SCI COAL       :
TOWNSHIP,                        :
                                 :
         Respondent.             :
                                 :
_____

## MEMORANDUM

Here we consider Magistrate Judge Karoline Mehalchick's Report and Recommendation concerning the 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) filed by Petitioner on July 16, 2013, together with a supporting memorandum of law (Doc. 3).  (Doc. 15.) Magistrate Judge Mehalchick recommends dismissing the petition with prejudice on the basis that it is not timely filed.  (Doc. 15 at 6.)  Petitioner's objections to the Report and Recommendation were docketed on December 13, 2013.  (Doc. 17.)  Because the petition has not been served, the matter is now ripe for disposition.

When a petitioner files objections to a magistrate judge's report, the reviewing court conducts a *de novo* review of those portions of the report to which objection is made.  28 U.S.C. § 636(b)(1).  To warrant *de novo* review, the objections must be both timely and specific.  *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  The court may accept, reject or modify, in whole or in part, the findings made by the magistrate judge.  28 U.S.C. §

636(b)(1).  Uncontested portions of the report are reviewed for clear error.  *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

For the reasons discussed below, we concur with the Magistrate Judge that this habeas action is properly dismissed.  However, we do so on other grounds.

## I. Background[1]

Petitioner was arrested and incarcerated in Lackawanna County, Pennsylvania, on August 13, 1993, on charges of Indecent Deviate Sexual Intercourse, case number 35-CR-1301-1993.  (Doc. 1 at 1; Doc. 3 at 1.)  At the time of his arrest on these charges, Petitioner was out on bail on two prior charges: two counts of Corruption of Minors, case number CP-730-1992; and one count of Possession of a Controlled Substance, case number CP-813-1993. (Doc. 3 at 2.)

On August 24, 1993, Petitioner pled guilty to the Corruption of Minors and Possession of a Controlled Substance consolidated charges (case numbers CP-730-1992 and CP-813-1993).  (Doc. 3 at 3.) He received a one to two year sentence that expired on August 24, 1995.  (*Id.*)

On March 10, 1995, Petitioner was sentenced on two counts of Indecent Deviate Sexual Intercourse (case number 35-CR-1301-1993).

---

[1] As this case has not been served, the background information is only that presented by Petitioner.

2

(Doc. 3 at 2.)   He was sentenced to ten to twenty years.  (*Id.*)
The Pennsylvania Department of Corrections' ("DOC") sentencing
order states that the sentence commences on, March 10, 1995 (the
date of sentencing), and expires on March 10, 2015.  (Doc. 3 at 3,
9.)

Petitioner filed this action on July 13, 2013, asserting that
the DOC incorrectly calculated his sentence: the sentence should
have commenced on August 13, 1993 (the date he was arrested on the
Indecent Deviate Sexual Intercourse charges), and should expire on
August 13, 2013.  (Doc. 3 at 2, 3.)  As grounds for relief,
Petitioner first identifies a Fourteenth Amendment due process
right based on the refusal of the Lackawanna County Court of Common
Pleas and Pennsylvania Department of Corrections to follow the law
that was in effect at the time of his sentencing, March 10, 1995.
(Doc. 1 at 5; Doc. 3 at 4.)  Petitioner next claims a Fourteenth
Amendment due process violation based on the Lackawanna County
Court of Common Pleas and Pennsylvania Department of Corrections
refusal to award him credit for time served from August 13, 1993,
to the time of sentencing on the Indecent Deviate Sexual
Intercourse charges on March 10, 1995.  (Doc. 1 at 6; Doc. 3 at 6.)
Petitioner adds that the DOC's removal of "time served (credit) for
the time served on Case No. 35-R-1301-1993 has the effect of
increasing [his] sentence which was done without notice and a
hearing in violation of due process."  (Doc. 3 at 6.)

3

Petitioner indicates that he filed a Petition for Time Credit in the Court of Common Pleas of Lackawanna County in which he asserted that he was entitled to credit for time served and recalculation of his maximum release date. (Doc. 1 at 3.)  He states the Petition for Time Credit was wrongly treated as a PCRA petition. (*Id.*)  He provides neither a filing date nor state court decision date.

Petitioner also states that in 2013 he filed a Petition for Review in the Commonwealth Court of Pennsylvania raising the same grounds as raised in the Court of Common Pleas. (Doc. 1 at 3.) The Petition for Review was denied. (Doc. 1 at 4.)

Magistrate Judge Mehalchick did not reach the merits of Petitioner's claims but found that his action is barred by the one-year statute of limitations applicable to a 28 U.S.C. § 2254 action as set out in 28 U.S.C. § 2244(d). (Doc. 15 at 2.)  After determining that Petitioner had until April 24, 1997, to timely file a habeas petition absent any applicable tolling period, Magistrate Judge Mehalchick found that neither statutory nor equitable tolling render the action timely filed. (Doc. 15 at 4-6.)

Petitioner objects to the Report and Recommendation both generally and specifically. (Doc. 17.)  He specifically objects to the Magistrate Judge's conclusion that statutory tolling does not apply. (Doc. 17 at 3.)  Petitioner also objects to the Magistrate

4

Judge's conclusion that a certificate of appealability should not issue.  (Doc. 17 at 3 n.1.)

## I. Discussion

Petitioner objects to Magistrate Judge Mehalchick's conclusion that statutory tolling does not apply, arguing that his current petition is timely filed for the following reasons: 1) the State Court never held the Petition for Review was untimely filed; 2) there is no time period for filing a Petition for Review for time credit; and 3) the Petition for Review is a petition "that could be used to seek other collateral review of the grounds raised in the current habeas petition."  (Doc. 17 at 2.)  For the reasons discussed below, we conclude Petitioner's action should not be dismissed on statute of limitations grounds.

As the Magistrate Judge found, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a habeas corpus action pursuant to 28 U.S.C. § 2254.  (Doc. 15 at 2.)  Codified at 28 U.S.C. § 2244(d), the AEDPA requires the following:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Magistrate Judge properly observed that if a conviction became final prior to the enactment of the AEDPA, the one-year period of limitations commences on April 24, 1996, the date of the enactment of the AEDPA.  (Doc. 15 at 3 (citing *Schluter v. Varner*, 384 F. 3d 69, 74 (3d Cir. 2004); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998)).)  Because Petitioner's claim is based on an asserted change in the calculation of his sentence, the Magistrate Judge also concluded that the one-year limitation period for the

6

claim would be calculated to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Doc. 15 at 3 (citing 28 U.S.C. § 2244(d)(1)(D)).)

Here Petitioner submits a DOC "Sentence Status Change Report" dated January 12, 1996. (Doc. 3 at 9.) Petitioner does not allege any delay in receiving the document.

Some courts have concluded that the limitations period begins to run when the inmate becomes aware of an alleged miscalculation. *Hall v. Edwards*, No. Civ. A. 7:01-CV-00837, 2002 WL 32074715 (D. Va. Jan. 7, 2002); *Cable v. Cunningham*, No. Civ. 98-573-B, 1999 WL 814368, at *2 n.4 (D.N.H. July 8, 1999). Other courts have determined the factual predicate for a claimed release date miscalculation is the inmate's failure to be released at the time when, according to his calculations, he should have been. *See, e.g., James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002).

The Magistrate Judge followed the former approach. (Doc. 15 at 3-4.) Under this approach, the factual predicate of Petitioner's claim was known or could have been discovered by due diligence before the April 24, 1996, effective date of the AEDPA statute of limitations, and, absent any applicable tolling period, Petitioner had until April 24, 1997, to timely file a federal habeas petition. (See Doc. 15 at 4.) Under the latter approach, the factual predicate of Petitioner's claim arose when he was not

7

released on the date he alleges his sentence expired--August 13, 2013.[2]

Since our research does not reveal Third Circuit precedent on this issue, we will apply the rule most beneficial to Petitioner--i.e., the date he asserts his maximum should have expired, August 13, 2013 (Doc. 3 at 2).[3]  This is the approach this Court adopted

---

[2] Petitioner asserts there is no time period for filing a Petition for Review for time credit.  (Doc. 17 at 2.)  To the extent Petitioner infers with this assertion that no statute of limitations applies to his sentence calculation claim, he raises the issue of whether the AEDPA limitations period applies to a claim by a state prisoner that his sentence has been incorrectly calculated.  While the AEDPA's strict gatekeeping requirements do not generally apply to 28 U.S.C. § 2241 petitions, here Petitioner properly filed his sentence calculation claim under 28 U.S.C. § 2254, a provision to which the AEDPA applies.  *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001); *Frankenberry v. Court of Common Pleas of Fayette County, Pa.*, 356 F. App'x 334, 337 (3d Cir. 2010) (not precedential) ("A state prisoner challenging the validity or execution of his state court sentence must proceed under 28 U.S.C. § 2254."); *see also Evans v. Secretary Pennsylvania Department of Corrections*, 645 F.3d 650 (3d Cir. 2011); *James v. Walsh*, 308 F.3d 162, 166-67, (2d Cir. 2002).  This Court has specifically found that the limitations period found in 28 U.S.C. § 2244(d)(1) applies to any challenge by a convicted state prisoner to the calculation of his sentence.  *Mitchell v. Dep't of Corrections*, 272 F. Supp. 2d 464, 476 (M.D. Pa. 2003).

[3] If the Court adopted the approach that the limitations period begins to run when the inmate becomes aware of an alleged miscalculation, we would agree with the Magistrate Judge that statutory and equitable tolling do not apply.  Having taken judicial notice of publicly available State court dockets of criminal and collateral post-conviction proceedings, Magistrate Judge Mehalchick notes that Petitioner did not file his first of several PCRA motions until December 16, 2003--more than six years after the limitation period had expired.  (Doc. 15 at 4.)  This filing would not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2) because the period had long before expired pursuant to § 2244(d)(1)(D).  (Doc. 15 at 4.)  For the same reason,

in *Mitchell v. Dep't of Corrections*, 272 F. Supp. 2d 464, 477 (M.D. Pa. 2003), and other courts in the Third Circuit have done likewise, *see*, *e.g.*, *Coleman v. Cameron*, No. 2:09-cv-3359, 2010 WL 5394995, at *3 (E.D. Pa. Dec. 9, 2010); *Tucker v. Diguglielmo*, Civ. A. No. 09-5887, 2010 WL 6438986, at *3 (E.D. Pa. May 26, 2010.

Under this approach, we will consider Petitioner's action timely filed because his allegedly proper release date of August 13, 2013, has passed. Proceeding with our analysis of Petitioner's claims, 28 U.S.C. § 2254 provides in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or

---

Petitioner's April 26, 2013, filing of a petition for review in the Commonwealth Court of Pennsylvania (which was dismissed on procedural grounds) would not toll the limitations period. (*Id.* at 5.) Magistrate Judge Mehalchick also concluded that Petitioner did not satisfy the requirements for the application of equitable tolling. (*Id.* at 5-6.)

9

> (ii) circumstances exist that render
> such process ineffective to protect the
> rights of the applicant.
>
> (2) An application for a writ of habeas
> corpus may be denied on the merits,
> notwithstanding the failure of the applicant
> to exhaust the remedies available in the
> courts of the State.

28 U.S.C. § 2254(a) and (b).

Here we cannot determine Petitioner's exhaustion status.
Petitioner states he sought relief through the DOC and in the
Pennsylvania Courts through the Court of Common Pleas of Lackawanna
County, the Superior Court, the Commonwealth Court, and the Supreme
Court.  (Doc. 3 at 3.)  Petitioner does not provide details
regarding these unsuccessful actions except to say that "they have
effectively closed the doors of relief regarding Mr. Lutz's claim
for relief relating to his credit for time served in custody on
Case No. 35-CR-1301-1993."[4]  (Doc. 3 at 3.)  Despite the

---

[4] While we do not make any findings on Petitioner's ability or
need to bring a state court action at this time, we note that the
Pennsylvania Supreme Court has stated:

> Where discretionary actions and criteria are
> not being contested, but rather the actions
> of the Department in computing an inmate's
> maximum and minimum dates of confinement are
> being challenged, an action for mandamus
> remains viable as a means for examining
> whether statutory requirements have been met.
> Accordingly, if mandamus was the appropriate
> action, the Commonwealth Court was the
> appropriate forum.

*McCray v. Pennsyvlania Department of Corrections*, 872 A.2d 1127,
1130-31 (Pa. 2005).

uncertainty of Petitioner's exhaustion status, we will proceed with a merits analysis because we conclude that dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[5] and pursuant to § 2254(b)(2) we need not further discuss the exhaustion issue.

Petitioner contends that under the law at the time of his sentencing, he did not get proper credit for time served.  (Doc. 3 at 4-7.)  He provides the following statutory provision in support of his argument: "'Whenever more than one sentence is imposed at the time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise.'"  (Doc. 3 at 4-5 (quoting Pa. R. Crim. P. 1406).)[6] Petitioner asserts that this provision applies to his case because the Court of Common Pleas of Lackawanna County did not specifically state that the ten to twenty year sentence was to be served consecutively to any other sentence.  (Doc. 3 at 5.)

Petitioner's argument presents the issue of whether the sentences imposed on August 24, 1993, and March 10, 1995, ran

---

[5] Rule 4 provides that a district court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[6] Petitioner states this is now Rule 705.  (Doc. 3 at 4.)  Rule 1406 was renumbered as Rule 705 in 2001.  *Bright v. Pennsylvania Board of Probation and Parole*, 831 A.2d 775, 777 n.2 (Pa. Commw. Ct. 2003).

11

concurrently.  The facts presented by Petitioner show that his sentence for the Corruption of Minors and Possession of Controlled Substance charges (CP-730-1992 and CP-813-1993) ran concurrently to his sentence for Indecent Deviate Sexual Intercourse (35-CR-1301-1993).  The former commenced on August 24, 1993, and expired on August 24, 1995.  (Doc. 3 at 3, 9.)  The latter commenced on the date of sentencing, March 10, 1995, and is scheduled to expire on March 10, 2015.   (Doc. 3 at 2-3, 9.)  Thus, it is clear that the ten to twenty year term for Indecent Deviate Sexual Intercourse ran concurrently with the remainder of the term imposed on the Corruption of Minors and Possession of Controlled Substance charges--i.e., from March 10, 1995, to August 24, 1995, the sentences ran concurrently.  Thus, the March 10, 1995, sentence commencement date and the March 15, 2015, expiration date do not run afoul of Rule 1406.

The March 10, 1995, commencement date for the Indecent Deviate Sexual Intercourse charge is also consistent with Pennsylvania law regarding credit for time served.  Under the rule cited by Petitioner, "a defendant who is incarcerated for one offense and subsequently receives additional sentences for another offense can receive credit toward the additional sentence for time served under the original sentence.  However, the defendant can receive such double credit *only* for time served *after* the additional sentences have been imposed."  *High v. Zimmerman*, Civ. A. No. 88-1414, 1988

12

WL 29304, (E.D. Pa. Mar. 28, 1988) (citing Pa. R. Crim. P.
1406(a)).  According to Pennsylvania law specifically governing
credit for time served, an inmate is entitled to credit for time
served on a sentence if it has not already been credited to another
sentence.  42 Pa. C.S. § 9760; *Evans v. Secretary Pennsylvania
Department of Corrections*, 645 F.3d 650, 653 (3d Cir. 2011)
(analyzing inmate's habeas claim that his constitutional rights
were violated when the Pennsylvania DOC recalculated sentences
imposed in 1994).

Petitioner received credit for time served before his March
10, 1995, sentencing.  From August 24, 1993, to March 10, 1995, the
time was credited to his sentence on the Corruption of Minors and
Possession of Controlled Substance charges.  Thus, Petitioner was
not entitled to receive credit for this time on any other sentence.
Because Petitioner's sentences ran concurrently from March 10,
1995, to August 24, 1995, and because he received credit for time
served from August 24, 1993, to March 10, 1995, Petitioner's
claimed miscalculation error is without merit.[7]

Petitioner's alleged procedural due process violation (Doc. 3

---

[7]  From the record before us, we cannot tell if Petitioner
received credit for every day of time served as Petitioner reports
he was arrested on the Indecent Deviate Sexual Intercourse charges
on August 13, 1993, and the sentences on the Corruption of Minors
and Possession of Controlled Substance charges commenced on August
24, 1993.  (Doc. 3 at 1-3.)  Taking Petitioner's arrest date as
correct and assuming he remained incarcerated from that date, we
cannot determine if Petitioner received credit for the time served
from August 13, 1993, to August 24, 1993.  However, based on the
analysis set out in the text, we can say with certainty that
Petitioner is mistaken that August 13, 2013, is his proper release
date.  We can also say that the record supports the conclusion that
a 2015 sentence expiration date (at most eleven (11) days before
the March 10, 2015, maximum date) is appropriate.

at 6) is also without merit.  Procedural due process is implicated if Petitioner had a liberty interest in his release that cannot be infringed without procedural protections such as notice and a hearing.  *Evans*, 645 F.3d at 659 (citation omitted).  *Evans* found that the petitioner had no constitutionally protected liberty interest in the expectation of release on an erroneously calculated release date and, therefore, he was not entitled to notice and a hearing when the release date was corrected.  *Id.* at 664-66.  Here Petitioner *inaccurately* claims his proper release date is August 13, 2013.  As we have rejected his claim that he did not receive time credit on his Indecent Deviate Sexual Intercourse sentnece, we have no basis to find that a 2015 sentence expiration date is inaccurate.  Under *Evans*, in these circumstances Petitioner was not entitled to notice and a hearing when the DOC issued its Sentence Status Change Report.

### III. Conclusion

For the reasons discussed above, we adopt the Magistrate Judge's Report and Recommendation (Doc. 15) in part, concurring that the Petition should be dismissed but on other grounds and also concurring that no certificate of appealablity should be issued. An appropriate Order is entered simultaneously with this Memorandum.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: January 27, 2014